Charles L. Robinson, C.P.A., C.F.E. Legislative Auditor 172 State Capitol Little Rock, AR 72201-1099
Dear Mr. Robinson:
I am writing in response to your request for my opinion on three questions relating to the following facts:
 The Uniform Controlled Substances Act — Asset Forfeiture Special Report was presented at the July 2002 meeting of the Legislative Joint Auditing Committee. The Report noted that several prosecuting attorneys are not listing seized items, including firearms, on confiscation reports filed with the Arkansas Drug Director. Some prosecuting attorneys conclude that since the seized items are part of a criminal procedure, as opposed to a civil forfeiture procedure, they do not have to be listed on the confiscation report which is used to track the seized property.
The Report states:
 It is the interpretation of some Prosecuting Attorneys that property, especially firearms, may be seized as evidence for criminal proceedings, thereby excusing the notification requirement to the Arkansas Drug Director as outlined in Arkansas Code Annotated 5-64-505(f)(3), which addresses civil proceedings. Some Prosecuting Attorneys have gone further to establish an internal policy creating a dollar value threshold on seized property before including in on Confiscation Reports that are required by Arkansas Code Annotated 5-64-505(f)(3) to be forwarded to the Arkansas Drug Director. For example, a policy may stipulate a law enforcement agency is not to seize funds totaling less the $400.00 for forfeiture. Arkansas law does not provide for such thresholds and the amount of the thresholds varies from one judicial district to another.
 Quoting the Legislative intent of the Uniform Controlled Substances Act of 1999, "The General Assembly recognizes the importance of asset forfeiture as a means to confront drug trafficking. However, the General Assembly also recognizes that under the system that existed prior to the enactment of this act, the lack of uniformity and accountability in forfeiture procedures across the state has undermined confidence in the system." Complete public accountability and uniformity requires that all seized property identified in the code, including firearms and their serial numbers, regardless of dollar value or disposition in criminal or civil proceedings, be listed on the property confiscation reports that are forwarded to the Arkansas Drug Director's Office as outline[d] in Arkansas Code Annotated 5-64-505(f)(3). . . .
Against this backdrop, you have posed the following questions:
 1. Must all seized items be listed on the confiscation report or may prosecuting attorneys or other officials establish a threshold for determining the seized items that should be listed on confiscation reports pursuant to Arkansas Code Annotated 5-64-505(f)?
 2. Are the items to be included on the confiscation report referred to in Arkansas Code Annotated 5-64-505(f) only those subject to civil forfeiture?
 3. If firearms are seized in connection with a controlled substances criminal offense and separate firearms criminal charges are filed, should the firearms be included on the confiscation report?
RESPONSE
With respect to your first question, I believe all items seized, regardless of their value, must be listed on the confiscation report. I believe that the answer to your second question is "yes," inasmuch as A.C.A. § 5-64-505(f) is a civil statute and as such necessarily applies to property "subject to civil forfeiture." However, if property is subject to forfeiture under both the civil and the criminal codes, the civil forfeiture procedure will control. I believe the answer to your third question is "yes."
Question 1: Must all seized items be listed on the confiscation report ormay prosecuting attorneys or other officials establish a threshold fordetermining the seized items that should be listed on confiscationreports pursuant to Arkansas Code Annotated 5-64-505(f)?
In my opinion, all seized property must be listed in the confiscation report.
Read in the context of your factual recital, this question is somewhat confusing in its reference to "a threshold for determining the seized items that should be listed on confiscation reports." On the one hand, you report in your statement of facts that certain prosecutors have adopted "an internal policy creating a dollar value threshold on seized property before including it on Confiscation Reports" — a description that suggests that property below a certain value is being seized but not reported. On the other hand, supposedly as an illustration of this practice, you note that "a policy may stipulate a law enforcement agency is not to seize funds totaling less than $400.00 for forfeiture" — an example that suggests that law enforcement officers simply avoid seizing funds below the "threshold" amount. The former statement of internal policy suggests that law enforcement officers may be in possession of unreported property, whereas the example you recite suggests the contrary.
Read in isolation, your question clearly refers only to property that officers have actually seized. Accordingly, I will address only whether officials are obligated under the referenced statute to report all seized property, regardless of value.
Subsection 5-64-505(f) of the Code, which is contained in the Uniform Controlled Substances Act, A.C.A. § 5-64-101 et seq. (Repl. 1997 
Supp. 2001), provides in pertinent part:
 (1) Any property seized by state or local law enforcement officers who are detached to, deputized or commissioned by, or working in conjunction with a federal agency shall remain subject to the provisions of this section.
 (2) When property is seized for forfeiture by a law enforcement agency, the seizing officer shall prepare and sign a confiscation report. The party from whom the property is seized shall also sign the report if present and shall immediately receive a copy of it. If the party refuses to sign the report, the report shall be signed by one (1) additional law enforcement officer, stating that the party refused to sign the report. The original report shall be filed with the seizing law enforcement agency within forty-eight (48) hours after the seizure and shall be maintained in a separate file. One (1) copy of the report shall be retained by the seizing officer.
(3) The confiscation report shall contain the following information:
 (A) A detailed description of the property seized including any serial or model numbers;
(B) The date of seizure;
(C) The name and address from whom the property was seized;
(D) The reason for the seizure;
(E) Where the property will be held;
(F) The seizing officer's name; and
 (G) A signed statement by the seizing officer stating that the report is true and complete.
 (4) Within three (3) business days of receiving the confiscation report, the seizing agency shall forward a copy of the report to the prosecuting attorney for the district in which the property was seized and to the Arkansas Drug Director.
Nothing in this statute or any other provision of the Code suggests that a prosecuting attorney may adopt a policy releasing a seizing law enforcement agency from its absolute obligation to provide both the prosecuting attorney and the Arkansas Drug Director with a confiscation report listing any and all property seized, regardless of value. In my opinion, then, any policy providing that seized property need be reported only if it exceeds a certain value is directly contrary to law.
Question 2: Are the items to be included on the confiscation reportreferred to in Arkansas Code Annotated 5-64-505(f) only those subject tocivil forfeiture?
I believe the answer to this question is "yes," given that A.C.A. §5-64-505(f) is a civil statute and as such necessarily applies only to civil forfeitures. However, given the issues raised in your factual recitation, I suspect your underlying concern may be whether A.C.A. §5-64-505(f) will control if a seizure is warranted both under that statute and a statute contained in the criminal code.
As I noted in the enclosed Ark. Op. Att'y Gen. No. 99-282:
 Section 5-5-102 [of the Criminal Code] . . . provides that "[w]hen a statute not a part of this code specifies procedures for the disposition or destruction of a particular type of seized property, the seized property shall be disposed of or destroyed in accordance with that statute." The" Controlled Substances Act" is not a part of the "Criminal Code." See note, A.C.A. § 5-1-101.
As this passage suggests, if property is subject to seizure both under the Controlled Substances Act, which is part of the civil code, and under the criminal code, the seizing authorities must observe the procedural requirements set forth in the civil code.
Question 3: If firearms are seized in connection with a controlledsubstances criminal offense and separate firearms criminal charges arefiled, should the firearms be included on the confiscation report?
Yes, for the reasons stated in my response to your previous question and in my response to question 4 in the enclosed Ark. Op. Att'y Gen. No.99-282.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure